**IN THE UNITED STATES DISTRICT COURT**
**FOR THE SOUTHERN DISTRICT OF MISSISSIPPI**
**EASTERN DIVISION**

**FRANKLIN D. REED, JR.**                                                                                  **PLAINTIFF**

**VS.**                                                                          **CIVIL ACTION NO. 4:05CV119LN**

**BILLY SOLLIE, KIM REECE. JAMES**
**MOSLEY and CORPORAL GRIFFIN**                                                   **DEFENDANTS**

**OMNIBUS ORDER**

The parties appeared and participated in an omnibus hearing before the undersigned United States Magistrate Judge on the 23rd day of January, 2006, at the James O. Eastland Federal Courthouse in Jackson, Mississippi.  The Plaintiff appeared *pro se*, and the Defendants were represented by attorney William Hammack.  The court scheduled this hearing for the combined purposes of conducting a *Spears*[1] hearing, a scheduling/case management hearing, a discovery conference, and a pretrial conference.  The court conducted this hearing in an attempt to insure the just, speedy and inexpensive determination of this *pro se* prisoner litigation.  After due consideration of the issues involved in this case and the requests for discovery, the court does hereby find and order as follows:

1.  **JURISDICTION AND SUMMARY OF CLAIMS**

Jurisdiction of this case is based upon 42 U.S.C. § 1983.  The Plaintiff, Franklin Reed, originally filed three different cases that were earlier consolidated.  The cases all involve an alleged assault on the Reed by Officer Mosely of the Lauderdale County Detention Facility on May 22, 2005. Corporal Griffin allegedly witnessed the assault and failed to stop or prevent it. Reed's claims

---

[1] *See,* Spears v. McCotter, 766 F.2d 179 (5th Cir. 1985).

against Billy Sollie, the Sheriff of Lauderdale County, and Kim Reece, the Jail Administrator, are for failing to protect him from the assault. According to Reed, his neck was sore from the assault for several weeks, and it was four days before he received medical treatment.

## 2. DISCOVERY ISSUES and PENDING MOTIONS

The Plaintiff signed a medical waiver in order that the attorney for the Defendants could acquire all of his medical records pertaining to this incident. The Defendants shall serve a copy of any such records to the Plaintiff by March 31, 2006. The Defendants shall also produce a copy of the Plaintiff's jail records, as well as copies of any documents pertaining to disciplinary actions or grievances related to this incident by that date. Finally, the Plaintiff believes that a video recording may exist of the incident. A letter from Captain Karen Stephens to Reed, dated May 25, 2005, indicates that a video was made of the incident. Counsel for the Defendants shall make inquiry as to the current existence of any such video and report to the court, on or before February 24, 2006, as to whether such a video exists. If the video is available, a copy of it shall be served on the Plaintiff and arrangements shall be made for him to view that video by March 31, 2006.

The parties stipulate as to the authenticity of the Plaintiff's medical records and agree that no physician testimony shall be necessary at the trial. The records shall be admitted as a general exhibit. There are no other discovery matters pending, except for those set forth herein. The discovery matters set forth herein will fairly and adequately develop the issues to be presented to the court, and no other discovery is deemed reasonable or appropriate considering the issues at stake in this litigation. *See* Federal Rules of Civil Procedure 26(b)(1).

3. **TRIAL WITNESSES**

The Plaintiff did not request the testimony of any incarcerated witnesses. The court advises the Plaintiff that he may call any free world witnesses, but that it will be his responsibility to secure any free world witnesses' voluntary presence at the trial of this cause, or at least 10 days prior to trial, he may submit to the clerk's office the $40.00 witness fee for each witness along with the complete address of where the witness can be found, so that the United States Marshals Service can subpoena said witness for the Plaintiff.

4. **PRETRIAL CONFERENCE, PRETRIAL ORDER, AND TRIAL SETTING**

This conference shall stand in lieu of a pretrial conference, and this order shall stand in lieu of a pretrial order.

IT IS HEREBY ORDERED that the trial of this action will be held during the calendar that begins on July 17, 2006, and ends on July 31, 2006.

IT IS SO ORDERED, this the 31st day of January, 2006.

                                                   S/Alfred G. Nicols, Jr.
                                              UNITED STATES MAGISTRATE JUDGE